# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Chambers of** | **Martin Luther King Jr, Federal Bldg.** |
| **STEVEN C. MANNION** | **& U.S. Courthouse** |
| **United States Magistrate Judge** | **50 Walnut Street** |
| | **Newark, NJ 07102** |
| | **(973) 645-3827** |

September 1, 2016

### LETTER ORDER/OPINION

Re:   **Kaplan v. Wright National Flood Insurance Co., et al.**
      **Civil Action No. 15-5342 (ES) (SCM)**
      **[D.E. 32, Motion to Quash/for a Protective Order]**

Dear Counsel:

This matter comes before the Court by Plaintiff Elliot Kaplan ("Mr. Kaplan") on motion for a protective order.[1]  Mr. Kaplan requests an order prohibiting the deposition of his wife, Roberta Kaplan ("Mrs. Kaplan"), a non-party who was present and available on August 11, 2016 – the date of his deposition.  Counsel previously agreed that both Kaplans would be deposed on that date and that Mr. Kaplan would testify first.  The dispute arose when Defendants' counsel insisted that Mrs. Kaplan be sequestered outside the room during her husband's deposition.  For the reasons set forth herein, Mr. Kaplan's motion is denied.

### PROCEDURAL HISTORY

Mr. Kaplan's Complaint was filed on July 8, 2015 and concerns a flood insurance dispute arising from Superstorm Sandy.[2]  He filed an Amended Complaint on November 9, 2015.[3]  This

---

[1]  (ECF Docket Entry ("D.E.") 32).

[2] (D.E. 1).

[3] (D.E. 10).

case was subject to the "Hurricane Sandy Case Management Order" and stayed from July 8, 2015 to November 12, 2015.[4]  On May 3, 2016, a pre-trial scheduling conference was held and a scheduling order ("Scheduling Order") was entered.[5]  The Scheduling Order prescribed the procedure for raising discovery disputes and filing informal motions.[6]

<u>DISCUSSION</u>

I.   Magistrate Judge Authority

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[7] This District specifies that magistrate judges may determine any non-dispositive pre-trial motion,[8] and provides that discovery disputes shall be brought to the magistrate judge on an informal basis.[9]  Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[10]

---

[4] (D.E. 2, 4, 8, 18).

[5] (D.E. 27).

[6]  A pretrial order "controls the course of the action unless the court modifies it."  Fed. R. Civ. P. 16(d).  A scheduling order may be "modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

[7] 28 U.S.C. § 636(b)(1)(A).

[8]  L. Civ. R. 72.1(a)(1).

[9]  L. Civ. R. 37.1.

[10]  28 U.S.C. § 636(b)(1)(A).

2

II.     Analysis

A.  Standard for Protective Order

A court may issue a protective order to regulate the terms, conditions, time or place of discovery.[11]  The moving party bears the burden of showing good cause for the issuance of a protective order "by demonstrating a particular need for protection [and] [b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."[12]  Mr. Kaplan argues a protective order is necessary because Defendant excluded his wife from his deposition without prior request and "sufficient reason."[13]

Parties are permitted to "conduct their own cases personally" which extends to attendance at all proceedings.[14]  Mr. Kaplan has, however, failed to set forth any binding authority for the proposition that a *non-party* witness, such as his wife, has a right to attend a party deposition.  The cases to which he cites discuss the "extraordinary circumstances" necessary to sequester *a party* from attending the depositions of other witnesses and are inapplicable to the issue at hand.[15]

Additionally, "pretrial depositions are not public components of a civil trial."[16]  As a non-party, Mrs. Kaplan stands on the same footing as the general public.  She has no direct interest in

---

[11] Fed. R. Civ. P. 26(c).

[12] *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (citing *United States v. Garrett*, 571 F.2d 1323, 1326, n. 3 (5th Cir. 1978)).

[13] (D.E. 32 at 3).

[14] 28 U.S.C. § 1654.

[15] *See Nyazie v. Kennedy*, No. CIV. A. 97-0120, 1998 WL 398250, at *2 (E.D. Pa. June 23, 1998) (; *Ford Motor Co. v. Edgewood Properties, Inc.*, No. Civ. A. 06-1278 (GEB)(ES), 2010 WL 3001211, *at 2 (D.N.J. July 28, 2010).

[16] *U.S. ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Prudential Ins. Co.*, 944 F.2d 1149, 1170 (3d Cir. 1991) (noting that while the "federal system provides the public with a

3

this case and to the extent she does, she will be represented by counsel in her own deposition.  For these reasons, the Court finds that Mr. Kaplan has failed to demonstrate good cause and his request for a protective order to shield Mrs. Kaplan from deposition is denied.

### B.  Discovery Motions

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."[17]  A prerequisite to the filing of any discovery motion is that the movant certify their efforts to confer or attempt to confer in good faith to resolve the issue without court action.[18]  Our Local Rules further prescribe that counsel "shall confer" in good faith and attempt to informally resolve any discovery disputes before seeking the Court's intervention.[19]  The movant here has neither provided the required certification nor indicated that there was any meet and confer prior to the filing of this motion.

The Local Rules further require that upon reaching an impasse after meeting and conferring over a discovery dispute, counsel present the dispute "by telephone conference call or letter to the Magistrate Judge.  This presentation shall precede any formal motion."[20]  In case the Federal Rules and Local Rules were not clear enough on this topic, Paragraph 7 of the Scheduling Order prohibits

---

presumptive right of access to discovery materials," the "general public has no real access to the information until it is publicly filed") (internal citations omitted).

[17] Fed. R. Civ. P. 1.

[18] Fed. R. Civ. P. 37(a)(1).

[19]  L. Civ. R. 37.1(a)(1).

[20]  *Id.*

the filing of formal motions without leave of Court.[21]   Counsel could have telephoned the undersigned from the deposition, soon thereafter, or raised the issue by letter.   There is no indication in the record that any such option was attempted.   Instead, counsel filed a formal motion.

Rather than resolving this dispute informally on August 11th, Plaintiff has increased the expense of this litigation, burdened the resources of the Court, and delayed the resolution of this case by obstructing his wife's deposition and filing this motion.   Plaintiff's counsel shall contact defense counsel to confer in advance of the September 12, 2016 telephone conference to resolve outstanding discovery and scheduling issues.

An appropriate Order follows:

## ORDER

IT IS on this Thursday, September 01, 2016,

1.  **ORDERED** that Plaintiff's motion for a protective order is **denied**; and it is further

2.  **ORDERED** that Counsel for Plaintiff shall contact defense counsel to meet and confer in advance of the September 12, 2016 telephone conference.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

9/1/2016 5:40:13 PM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties

---

[21] (D.E. 27 ¶ 7).